IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>DWAYNE HOWARD,<br><br>            Defendant. | Case No. CR14-1013<br><br>ORDER FOR PRETRIAL<br>DETENTION |

On the 20th day of August, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Justin Lightfoot. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On August 13, 2014, Defendant Dwayne Howard was charged by Indictment (docket number 2) with four counts of distribution of a controlled substance near a protected location. At the arraignment on August 18, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on October 20, 2014.

Special Agent Joshua Mullnix of the Iowa Department of Narcotics Enforcement testified regarding the circumstances underlying the instant charge. A confidential source provided information that a subject, later identified as Defendant Dwayne Howard, was selling crack cocaine out of Wayne's Candy in Dubuque. On January 8, 2014, the confidential source and Mullnix, acting in an undercover capacity, went to Wayne's Candy. After being introduced by the confidential source, Mullnix accompanied

Defendant to the back room, where Defendant used a scale to bag up crack cocaine. Mullnix paid Defendant $250 in exchange for the drugs.

On January 10, 2014, Special Agent Mullnix called Defendant and arranged to purchase additional crack cocaine at the store. Mullnix went to the store and paid Defendant $300 in exchange for crack cocaine. On January 21, 2014, Mullnix purchased an additional $300 of crack cocaine from Defendant, under nearly identical circumstances. On February 10, 2014, Mullnix contacted Defendant regarding the purchase of crack cocaine, but Defendant did not want to meet at the store. Mullnix then met Defendant near the intersection of Washington Avenue and 15th Street in Dubuque, where Defendant gave Mullnix crack cocaine in exchange for $300. In each case, the drugs lab-tested positive for crack cocaine.

Following the transaction on February 10, 2014, authorities obtained a search warrant for the candy store and the apartment overhead, where Defendant was living. Defendant was at the store when the search was conducted and $300 was found on Defendant's person. The money matched the pre-serialized money paid by Special Agent Mullnix earlier that day in the drug transaction. No drugs were found on the premises, and Defendant denied selling drugs.

Special Agent Mullnix testified that he later learned that Defendant had been stopped on the prior evening during a traffic stop in Illinois. Authorities seized $3,700 in cash found in a sock, and an additional $600 on Defendant's person. A drug dog alerted on the car, but no drugs were found.

According to the pretrial services report, Defendant is 35 years old. He was born in Chicago, but moved with his family to Michigan and then Mississippi when he was a child. He has never been married, but has two children (ages 11 and 6) from two prior relationships. The children reside with their mothers in Chicago. Prior to his arrest, Defendant was living with his girlfriend in Dubuque. Defendant's girlfriend reported that she is pregnant with Defendant's child.

2

For the past three weeks, Defendant has been working sporadically through Labor Ready, a temporary employment agency. Prior to that, he was the proprietor of Wayne's Candy for approximately one year. Defendant reported that he earned approximately $2,000 over the past year as proprietor of his candy store.

Defendant has asthma, for which he is prescribed medication, but is otherwise in good physical health. He denied any history of mental health issues. Defendant admitted that he has used marijuana multiple times per day for the past two months, with his last use being on the day of his arrest.

Defendant has a lengthy prior criminal record. Between ages 18 and 22, Defendant was charged in Cook County, Illinois, with aggravated assault, damage to property (twice), possession of cannabis (twice), unlawful use of a weapon, carrying a weapon, gambling, criminal trespass, disorderly conduct (three times), and aggravated assault. With two exceptions, all of the charges were "stricken from the docket with leave to reinstate." Defendant received two years probation on the firearm charge, and the disposition of the gambling charge is unknown.

Between 2001 and 2006, Defendant has convictions for providing false information to a law enforcement officer, driving while revoked (three times), trespass, assault causing bodily injury, possession of a controlled substance, driving while barred (twice), and domestic abuse assault. He was also charged three times in Cook County for possession of cannabis, with two charges stricken from the docket with leave to reinstate, and the disposition of the third charge unknown.

In November 2008, Defendant was charged and later convicted in Boone County, Illinois, with unlawful possession of a controlled substance with intent to deliver. He was sentenced to six years in prison and was paroled in November 2011. Defendant remains on parole in Illinois. Defendant's parole agent in Illinois advised the pretrial services officer that he was unaware Defendant had been residing in Dubuque, and had told Defendant that he would not be allowed to reside outside the state of Illinois. Defendant's

3

parole officer told the pretrial services officer that he would be requesting a warrant be issued for Defendant's arrest in Illinois, with a no-bond hold.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person

4

as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption

case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with four counts of distribution of a controlled substance near a protected location. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

There is a rebuttable presumption that Defendant should be detained pending the trial. The weight of the evidence against Defendant is strong. All four charges arise from controlled buys in which an undercover officer purchased crack cocaine directly from Defendant. Defendant does not have stable employment and does not have a stable residence. While he had been living in Dubuque with his girlfriend, the terms of his parole in Illinois apparently prevent him from living in Iowa. Defendant has a lengthy criminal record, including many offenses while other charges were pending, or while on probation or parole. Defendant was on parole at the time of these events. Defendant is an active drug user. Based on past performance, the Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will

reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (August 18, 2014) to the filing of this Ruling (August 20, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 20th day of August, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA